IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE ALEXANDER, JR.,

       Plaintiff,                        No. CIV S-10-2694 MCE KJM PS

    vs.

BENJAMIN WAGNER,

       Defendant.                   <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se and has paid the filing fee. Federal courts are courts of limited jurisdiction. Where it appears the court lacks subject matter jurisdiction, the court may sua sponte dismiss the complaint. Upon review of plaintiff's complaint, it does not appear this court has subject matter jurisdiction. However, the court will grant plaintiff an opportunity to cure the deficiencies in the complaint and allege a proper basis for subject matter jurisdiction.

        If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980)

/////

1    Although the court finds the allegations in plaintiff's complaint so vague and
2 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
3 claim for relief, it appears plaintiff may be trying to state a claim for violation of civil rights.
4 The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

8 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15    In order to avoid dismissal for failure to state a claim a complaint must contain
16 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
17 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other
18 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
20 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
21 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
22 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
23 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be
24 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
25 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
26 Rhodes, 416 U.S. 232, 236 (1974).

1  Moreover, supervisory personnel are generally not liable under § 1983 for the
2  actions of their employees under a theory of respondeat superior and, therefore, when a named
3  defendant holds a supervisorial position, the causal link between him and the claimed
4  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8  Cir. 1982).
9  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
10 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
11 amended complaint be complete in itself without reference to any prior pleading.  This is
12 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
14 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
15 original complaint, each claim and the involvement of each defendant must be sufficiently
16 alleged.
17 In accordance with the above, IT IS HEREBY ORDERED that:
18 1. Plaintiff's complaint is dismissed; and
19 2. Plaintiff is granted thirty days from the date of service of this order to file an
20 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
21 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
22 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
23 copies of the amended complaint; failure to file an amended complaint in accordance with this
24 order will result in a recommendation that this action be dismissed.
25 DATED: October 8, 2010.
26 006/alexander.lta

_____
U.S. MAGISTRATE JUDGE

3